R. F. SCOTT v. THE STATE.

No. 7310.    Decided February 14, 1923.

**1.—Abortion—Date of Transaction.**

   Where the reference in the bill of exceptions was clearly erroneous as to the date used, the matter will be treated as though the correct date had been used.

**2.—Same—Bolstering up Testimony—Practice in Trial Court.**

   Where the State relied wholly upon the testimony of the prosecuting witness, and said witness was vigorously attacked by the defense testimony, yet the State should not have been permitted to bolster up the testimony of this witness by showing that the witness made the same or similar statements elsewhere as those made on the present trial, inasmuch as said witness had not been attacked on the statements sought to be supported, and such testimony being prejudicial to the defendant the same is reversible error.

· Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Davidson.

Appeal from a conviction of abortion; penalty, two years imprisonment in the penitentiary.

*Howth & O'Fiel,* and *Lamar Hart,* for appellant.—Cited, Navarro v. State, 6 S. W. Rep., 542; Morton v. State, 67 id., 116; Thompson v. State, 157 id., 494; Russell v. State, 158 id., 546.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of abortion, and his punishment fixed at two years in the penitentiary.

No good purpose can be served by a recitation of the facts in this case, or a discussion of questions raised on the appeal which would be of no benefit to any future decision of this case, or as affecting any matter of procedure save the single question considered by us and here set forth as the basis for our conclusion.

Appellant's bill of exceptions No. 1 complains of the fact that while the witness Dr. T. W. Hancock was on the stand testifying the State was permitted over objection to propound to the witness this question: "Is it not a fact that Ollie Mae Long told you in February or March, 1921, while you were treating her in Deweyville that the defendant Scott and his codefendant Dr. J. S. Paul procured an abortion upon her in Beaumont, Texas, in December, 1921, and that her condition was then due to the abortion?" The reference in the bill of exceptions to December 1921 is clearly erroneous as it appears elsewhere that December 1920 was the date of the alleged abortion and was the transaction then under inquiry, and we will treat the matter as if the date referred to was · December 1920. The above question was objected to by the appellant on the ground that neither the defendant nor his codefendant Paul were present at the time said statement was made by Ollie Mae Long to Dr. Hancock, and the testimony was hearsay and not binding upon appellant and was greatly prejudicial.

Ollie Mae Long was the prosecuting witness in the instant case, and the State relied for a conviction almost entirely upon her testimony. No other witness testified to the abortion, or to any facts or circumstances from which the inference of an abortion could have been drawn. Said witness was vigorously attacked by the appellant by the testimony of many witnesses that her reputation was bad, and by further testimony as to individual acts of unchastity on her part with various men, and further as showing her to have been inflicted with a venereal disease. The learned trial judge qualifies appellant's bill of exceptions presenting the complaint under discussion with the statement that this testimony was admitted because of attacks on the reputation for chastity and virtue of the witness Ollie Mae Long, and because of questions

propounded to her upon cross-examination relative to statements made by her to the effect that her ill-health resulted from a railway accident, and because of testimony of various parties relating to a contract made between Miss Long and an attorney regarding bringing a suit against the railroad to recover for said injuries. It is shown that when the appellant's objection to the above question was overruled the witness answered same in the affirmative.

An analysis of said question makes apparent the fact that it was not directed at the cause of her illness, nor are we able to perceive how the facts referred to would become admissible upon the hypothesis that they sustained or bolstered up the witness as to testimony given by her regarding the railway accident and the statements made by her to other parties concerning same. Reverting to said question for a moment, we observe that in it Dr. Hancock states that she told him that defendant on trial and his codefendant procured an abortion upon her in Beaumont, Texas, in December 1920. This is the pivotal point involved in the instant prosecution. No question seems to have been asked prosecutrix relative to any statements made by her concerning the abortion, the language or substance of which involved a denial on her part of such abortion. Many authorities are cited by Mr. Branch in his Annotated P. C., p. 114, sustaining the proposition that it is error to permit the State to bolster up its witness by proof that the witness made the same or similar statements in harmony with his testimony on the present trial, if such witness has not been attacked *on the statements sought to be supported*. To the same effect are many authorities cited by Mr. Branch in Secs. 181 and 182 of his valuable work. We are unable to bring ourselves to the conclusion that the admission of this evidence was not a violation of the rules adhered to by this court, and we are constrained to conclude that such evidence was prejudicial to the appellant and must have been used to his injury.

For the error complained of the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*